# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irving E. Twitty, ) | C/A No. 0:11-2667-DCN-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Cecilia Reynolds, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Irving E. Twitty ("Twitty"), a self-represented state prisoner, filed this petition seeking a writ of habeas corpus based on his assertion that the respondent has miscalculated his sentence. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 15.) Twitty filed a response in opposition. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

## BACKGROUND

At the time the respondent filed her motion for summary judgment,[1] Twitty was serving a ten-year sentence of imprisonment following a conviction for criminal domestic violence of a high

---

[1] It appears that Twitty may no longer be incarcerated with the South Carolina Department of Corrections. See https://sword.doc.state.sc.us/scdc-public/ (last visited June 1, 2012); Williams v. Long, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating); In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites).

and aggravated nature ("CDVHAN") (07-GS-42-0708) and a concurrent five-year sentence for assault and battery of a high and aggravated nature ("ABHAN") (07-GS-42-00854). (ECF Nos. 14-5, 14-7.) Twitty has previously sought federal habeas relief concerning his sentence calculation. (See Twitty v. Reed, C/A No. 0:09-796-DCN-PJG.) During the pendency of that Petition, the South Carolina Department of Corrections corrected Twitty's sentence start date. Twitty also argued that even after SCDC corrected his sentence start date to account for time he served in pre-sentence detention, his projected release date, or "max-out" date, did not make a commensurate change.[2] The court found that Twitty had failed to properly exhaust these claims and further found that Twitty's sentence start date claim was moot.

Since that time, Twitty appealed the denial of another grievance to the South Carolina Administrative Law Court ("ALC") alleging that his projected release date was not being correctly calculated. On September 3, 2010, the ALC affirmed SCDC's determination that Twitty's sentence had been properly calculated. (Docket No. 10-ALJ-04-0352-AP, ECF Nos. 1-10, 14-16.) Twitty appealed this order to the South Carolina Court of Appeals; however, on October 18, 2010, his appeal was dismissed for failure to provide a copy of the order being appealed, an amended proof of service, and the filing fee. (ECF No. 14-17.)

Additionally, Twitty filed a Step One grievance and Step Two grievance on September 16, 2010 and October 6, 2010, respectively, concerning his sentence calculation, which were denied. (ECF No. 14-17.) Twitty filed another Step One grievance and Step Two grievance on May 18, 2011 and July 11, 2011, respectively, concerning his sentence-related credits. (ECF No. 14-18.) The

---

[2] The court observes that projected release dates inherently fluctuate, as they depend not only on a prisoner's finite amount of credit for pre-sentence detention or "jail time served," but also on variable types of sentence credits. For example, when an inmate earns good time, work, education, or other sentence-related credits, they reduce his max-out date. Conversely, when those credits are taken away for disciplinary reasons, the max-out date is extended.

filings do not demonstrate that either of these sets of grievances were properly appealed to the ALC or the state appellate courts.

It appears that Twitty next filed a Post-Conviction Relief ("PCR") application in state court challenging the decision of the ALC and the calculation of his max-out date. On April 7, 2011, the state circuit court dismissed Twitty's PCR application, in part because "any claim that the Department of Corrections has not properly calculated Applicant's sentence or any credits is not a matter for the Circuit Court but one that must be raised through the Administrative Law Court." (ECF No. 14-20.) The state circuit court further noted that appeals from the ALC are to the Court of Appeals and that the circuit court does not have jurisdiction over these issues. (Id.) Twitty's appeal of this order was dismissed by the South Carolina Supreme Court for "failure to provide a proof of service showing that a notice of appeal was timely served on opposing counsel." (ECF No. 14-21.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of State Court Remedies**

Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court remedies that may be available. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion

also required under 28 U.S.C. § 2241). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Barnette</u>, 644 F.3d 192 (4th Cir. 2011). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." <u>Fain v. Duff</u>, 488 F.2d 218, 224 (5th Cir. 1973) (discussing <u>Braden</u>, 410 U.S. 484).

The respondent has filed a return to Twitty's petition and a motion for summary judgment, in which she contends that Twitty has failed to exhaust his state court remedies.[3] As noted by the court in Twitty's previous case, resolution of the respondent's assertion that Twitty has failed to exhaust his state remedies is rendered problematic by the fact that Twitty has apparently continued to take a "shotgun" approach to this problem and contemporaneously filed multiple matters in various forums. Although Twitty has once again attempted to present this issue to SCDC, the South Carolina Administrative Law Court, the South Carolina Court of Common Pleas, the South Carolina

---

[3] The respondent also appears to argue that Twitty cannot assert this ground for relief under 28 U.S.C. § 2254. However, the court has previously directed that Twitty's Petition be treated as one brought pursuant to 28 U.S.C. § 2241 and will analyze it accordingly. (ECF No. 7); <u>see</u> <u>Clemmons v. South Carolina</u>, C/A No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008) ("Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers.").

Court of Appeals, and the South Carolina Supreme Court, he has nonetheless failed to *properly* exhaust his state remedies as required prior to seeking habeas corpus relief in federal court.

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court. See Al-Shabazz v. State of South Carolina, 527 S.E.2d 742, 750 (S.C. 2000); see also Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. Sullivan v. S.C. Dep't of Corr., 586 S.E.2d 124, 126 (S.C. 2003); Al-Shabazz, 527 S.E.2d at 750. Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court.[4] See Al-Shabazz, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

---

[4] Here, Twitty appears to be raising such an administrative issue, as he asserts that the SCDC has improperly calculated his sentence by failing to properly credit his sentence. Accordingly, the exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the South Carolina Administrative Law Court as outlined in Al-Shabazz, with appeal to the state appellate courts. Al-Shabazz, 527 S.E.2d at 752-57 (discussing the application of the APA and the review process); 203(b)(6), SCACR; see also S.C. Code Ann. § 1-23-610(A)(1). This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which will generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. See generally S.C. Code Ann. §§ 17-27-10 et seq.; Rule 243, SCACR.

PJG

As summarized above, Twitty appears to have raised his claims through SCDC's grievance system and appealed one of the denials to the ALC. (See Docket No. 10-ALJ-04-0352-AP, ECF No. 20-16.) Although Twitty appealed the Administrative Law Court's order to the South Carolina Court of Appeals, he did not perfect his appeal there, as he failed to provide a copy of the order being appealed, an amended proof of service, and the filing fee. (Order, ECF No. 14-17.) Moreover, there is no evidence in the record showing that Twitty properly sought review by the South Carolina Supreme Court following the issuance of the final order of the Court of Appeals.

Additionally, as discussed above, Twitty attempted to raise this issue to the circuit court in a PCR application, which was dismissed for lack of jurisdiction. (Order, ECF No. 14-20.) Twitty also failed to perfect an appeal of this order, as he failed to "provide a proof of service showing that a notice of appeal was timely served on opposing counsel." (Order, ECF No. 14-21.)

Based on the foregoing, the court finds that Twitty did not fully and properly exhaust his state court remedies with regard to the claim raised in this § 2241 Petition. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). He failed to properly perfect his appeals from the Administrative Law Court and the South Carolina Court of Appeals. Moreover, he never *properly* and fairly presented the issue to the state Supreme Court. Matthews, 105 F.3d at 911 ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."). Finally, the state PCR court found that a PCR action is not the proper vehicle through which to raise a sentence calculation claim, and Twitty has failed

to properly appeal this determination to the highest court with jurisdiction to decide it.[5]  Id.  Thus, it appears that Twitty's claim is not properly exhausted, as Twitty did not fairly present this claim to the South Carolina appellate courts.  See Matthews, 105 F.3d at 911.

The failure to exhaust state remedies, when such remedies would be procedurally barred under state law, may be excused when the petitioner establishes cause and prejudice or demonstrates that failure to consider his claims will result in a fundamental miscarriage of justice.  See Coleman, 501 U.S. at 750.  Twitty appears to simply dispute that he has properly exhausted this claim, or alternatively, that exhaustion is even required.  (See ECF No. 19.)  Twitty has failed to demonstrate or even allege cause and prejudice or that a fundamental miscarriage of justice will occur if his claim is not considered.  See id. at 753 (stating that " 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him") (emphasis in original); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991) (stating that a party's *pro se* status or ignorance of the law do not constitute cause).

---

[5] Notably, In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (S.C. 1990), and State v. McKennedy, 559 S.E.2d 850 (S.C. 2002), hold that a petitioner need not petition for rehearing and certiorari in appeals from criminal convictions or post-conviction relief matters.  In other words, once a PCR petitioner obtains a ruling from the Court of Appeals, he has exhausted his remedies under state law and generally may proceed to federal court.  In re Exhaustion, 471 S.E.2d 454; McKennedy, 559 S.E.2d at 853.  However, it does not appear that this rule has been extended to administrative sentence calculation decisions arising out of SCDC and the Administrative Law Court.  Thus, it appears that with regard to the instant issue, Twitty would likely have to present his sentence calculation claim to the state Supreme Court to fully exhaust his state remedies.

**RECOMMENDATION**

Accordingly, the court recommends that the respondent's motion for summary judgment

(ECF No. 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 1, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).